IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGEL ARAGON PEREZ,

        Petitioner,

v.                                                                    No. CV 09-0112 BB/CEG

TIMOTHY HATCH, Warden, and
GARY KING, Attorney General of the
State of New Mexico,

        Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on Angel Aragon Perez's ("Mr. Perez" or "Petitioner") pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed February 4, 2009; Respondents' "Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 as a Second or Successive Petition," filed April 13, 2009; Respondents' "Motion to Hold the Filing of an Answer in Abeyance Pending the Disposition of Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 as a Second or Successive Petition," filed April 13, 2009; Petitioner's "Motion for Appointment of Private Lawyer," filed April 15, 2009; Petitioner's "Motion to Hold Hearing," filed April 28, 2009; and Petitioner's "Motion for Transfer," filed May 5, 2009. See docket nos. 1, 21, 22, 23, 27, and 28. In its Motion to Dismiss, Respondents assert that prior to filing this Petition on February 4, 2009, Mr. Perez filed a petition for federal habeas corpus relief challenging the same state court conviction and sentence. See docket no. 22. I agree, and, for the reasons below, recommend that Mr. Perez's § 2254 Petition be dismissed pursuant to 28 U.S.C. § 2244.

Background

Petitioner is in the lawful custody of Respondent Timothy Hatch, Warden, pursuant to a valid Judgment and Commitment filed in the Sixth Judicial District, Luna County, Cause No. CR-1998-242, on September 9, 1999.  See docket no. 22, exhibit A.  Mr. Perez was convicted after a jury trial for trafficking cocaine and sentenced to nine years, with all but two years suspended, but was found to be an habitual offender with at least three prior felony convictions and was sentenced to an additional eight years for a total term of ten years.  See id.  Petitioner was released on probation on or about March 3, 2006, however, he violated the terms and conditions of his probation, which resulted in the state district court revoking Mr. Perez's probation and entering a Judgment and Commitment Order on August 28, 2007.  See id., exhibit B.  Thus, upon the revocation, the state district court sentenced Mr. Perez to a total term of seventeen years, reinstating the seven year portion of the initial suspended sentence.  See id.  Mr. Perez was given credit for time served and is currently serving a balance of approximately four years, four months, and seven days, but Petitioner is also required to serve the balance of a six month confinement pursuant to a contempt order issued by the state district judge after a hearing held November 6, 2006.  See id.

Mr. Perez's Petition for Writ of Habeas Corpus appears to raise the issue of ineffective assistance of counsel.  See docket no. 1.  Prior to the filing of this Petition, Mr. Perez filed a petition for federal habeas corpus relief wherein he challenged the same state court conviction and sentence in the Sixth Judicial District, Luna County, Cause No. CR-1998-242.  See Angel Perez v. Lawrence Tafoya and Patricia Madrid, No. CV 01-808 MV/LFG.  In that case, on January 10, 2002, United State Magistrate Judge Lorenzo Garcia recommended that Mr. Perez's petition be denied and the case be dismissed with prejudice.  See id., docket no. 19.  On February

28, 2002, United States District Judge Martha Vazquez adopted the Magistrate Judge's recommendation and entered judgment against Mr. Perez.  See id., docket nos. 26 and 27.  Mr. Perez's request for a certificate of appealability was denied and the Tenth Circuit Court of Appeals dismissed his appeal.  See id., docket nos. 29-31.

Analysis

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Perez must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  See id. at 1251.  A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that the claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  See 28 U.S.C. § 2244(b)(2)(A)-(B).

Mr. Perez does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application.  Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  See In re Cline, 531 F.3d at 1252.  The factors to be considered in deciding whether a transfer is in the interest of justice include

whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.  Id. at 1251.  Mr. Perez's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required by § 2244(b)(2).  Therefore, given that Mr. Perez's prior habeas corpus application challenging the same state court convictions was dismissed with prejudice a number of years ago, it appears that the instant action would be time-barred.  Furthermore, it was clear when the instant action was filed that this Court lacks jurisdiction.  As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice.[1]  Instead, the action should be dismissed for lack of jurisdiction.

**Wherefore,**

Because Petitioner has filed a second or successive petition without prior authorization from the Tenth Circuit Court of Appeals, **IT IS HEREBY RECOMMENDED** that:

1)  Respondents' "Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 as a Second or Successive Petition" (docket no. 22) be **GRANTED**;

2)  Angel Perez's 28 U.S.C. § 2254 federal habeas corpus petition (docket no. 1) be **DISMISSED** for Lack of Jurisdiction; and

3) Respondents' "Motion to Hold the Filing of an Answer in Abeyance Pending the Disposition of Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 as a Second or Successive Petition," (docket no. 21);

---

[1] Mr. Perez has submitted a letter to the Court on February 6, 2009, two letters on February 24, 2009, a letter on March 24, 2009, a letter on March 27, 2009, a letter on March 30, 2009, two letters on April 21, 2009, and another letter on May 5, 2009.  See docket nos. 3, 10, 11, 14, 15, 16, 25, 26, and 29.  None of the correspondence adequately addresses Respondents' assertion that Mr. Perez has filed a second or successive writ.

Petitioner's "Motion for Appointment of Private Lawyer," (docket no. 23); Petitioner's "Motion to Hold Hearing," (docket no. 27); and Petitioner's "Motion for Transfer," (docket no. 28) be **DENIED as moot**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE